IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
OCT 9 2009
CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

CORY M. HALL,
    Plaintiff,

v.

Civil Action No.: 4:09cv136
Jury Trial Demanded

CITY OF NEWPORT NEWS,
Service:  2400 Washington Avenue
         Newport News, Virginia 23607

&

JAMES D. FOX,
Chief of Police
Officially & Individually
Service:  9710 Jefferson Avenue
         Newport News, Virginia 23605

&

JOE MOORE,
Assistant Chief of Police
Officially & Individually
Service:  9710 Jefferson Avenue
         Newport News, Virginia 23605

&

NEIL A. MORGAN,
Assistant City Manager/Acting City Manager
Officially & Individually
Service:  2400 Washington Avenue
         Newport News, Virginia 23607

&

RANDY HILDEBRANDT,
Former City Manager
Officially & Individually
Service:  204 Deauville Circle
         Newport News, Virginia 23606

1

## **COMPLAINT**

1. Plaintiff, CORY M. HALL, a United States Citizen and a resident of the City of Newport News, Virginia is currently and was at all times pertinent a sworn police officer with the City of Newport News Police Department at all times in issue.

2. Defendant, the City of Newport News, is a political subdivision of the Commonwealth of Virginia, duly organized as a city possessing the corporate power to sue and be sued. The principal office for the City of Newport News is located at 2400 Washington Avenue, Newport News, Virginia. The city of Newport News is authorized by law and operates and maintains a municipal police department. At all times relevant hereto defendants were responsible for the administration of the Newport News City Police Department.

3. Defendant, James D. Fox, is an individual who, at all times relevant hereto was employed as Chief of Police and Administrator of the Newport News City Police Department and was responsible for the supervision and administration of the Newport News City Police Department and at all times relevant hereto was acting in that capacity and under color of state and city law. He is being sued both officially and in his individual capacity.

4. Defendant, Neil Morgan, is an individual who, at all times relevant hereto was employed as Assistant City Manager, oversaw and administrated the Newport News City Police Department at the time in issue and at all times relevant hereto was acting in that capacity and under color of state and city law. He is being sued both officially and in his individual capacity.

## JURISDICTION

5. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331. The claims for relief and cause of action alleged arose under 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments of the United States Constitution, and

6. The City of Newport and James D. Fox were responsible for the supervision and control of the Newport News City Police Department. All the actions and omissions alleged herein were carried out and occurred while the defendants were acting under the color of the law of the Commonwealth of Virginia.

## COUNT I

7. On July 6, 1999 CORY M. HALL, Plaintiff was hired to serve as a sworn police officer of the Newport News City Police Department and after successfully completing the course of instruction and after several months was appointed and duly qualified as such, taking oath office all as provided in Title 15.2 Section 1706 of the Code of Virginia, 1950 as amended.

8. The defendant, City of Newport News operated and maintains a Police Department (hereinafter the "Department") in accordance with powers conferred to do so under Title 15.2 of the Code of Virginia, 1950 as amended.

9. The Defendant, Neil Morgan, Assistant City Manager, oversaw and administrated the City Police Department at the time in issue.

10. The Defendant, Randy Hildebrandt, Former City Manager, oversaw and administrated and acted as City Manager at the time in issue.

11. The Defendant, James Fox, as Chief of Police of the of the Police Department for the City of Newport News, at the times in question oversaw and administrated the Police Department and was responsible for all personnel decisions including hiring, promotions, work assignments, discharge and suspension from employment.

12. The Defendant, Joe Moore, as Assistant Chief of Police of the of the Police Department for the City of Newport News, at the times in question assisted the Chief of Police, assisted with overseeing and administering the Police Department and assisted the Chief with all personnel decisions including hiring, promotions, work assignments, discharge and suspension from employment.

13. Pursuant to Title 15.2 Section 1506 of the Code of Virginia, 1950 as amended, in effect at all times in issue creates an employee grievance procedure which governs the rights of municipal employees to grieve and appeal personnel decision and have them reversed by a grievance panel whose decisions are binding on the city under the aforementioned statute.

14. Pursuant to Title 15.2 Sections 1506 & 1507 of the Code of Virginia, 1950 as amended, the City of Newport News has adopted a grievance procedure, which governs the right of a city employee to appeal or grieve a personnel decision to a grievance panel, whose decision is binding on the city under the aforesaid statute of Virginia and ordinance of the City of Newport News. By reason of the foregoing statute, ordinances and personnel system of the City of Newport News City employees including the police officers are only dischargeable for cause.

15. From his appointment in 1999 until November 2006 Plaintiff served as a uniform patrol office with the authority to enforce the law by issuing summons and making arrest and has achieved the rank of Patrol Officer level III and received a metal for a valor and for Police Officer of the year awards plus other commendations.

4

16. On or about November 2006 the Plaintiff was discharged from his position by Chief of Police James Fox who sustained the following department disciplinary charges against the Plaintiff:

    - Improper Procedure
    - Untruthfulness during the course of an investigation
    - Excessive Use of Force
    - Improper/Unlawful Arrest

17. The Plaintiff initiated a grievance procedure appealing his discharge from employment and his guilt of the said disciplinary charges, several of which reflected on his honesty and integrity.

18. On October 2, 3, and 4, 2007 a grievance panel pursuant to the City grievance procedure conducted a hearing on the matter.

19. On or about October 11, 2007 the grievance panel rendered its decision ordering that the Plaintiff be reinstated to his position as a City Police Officer (a copy of said decision is attached as Exhibit A). On November 5, 2007 the panel rendered a supplemental ruling on questions raised by the city (a copy of such ruling is attached as Exhibit B).

20. The aforesaid grievance panel decision, ordered that the Plaintiff be reinstated in his position. Not withstanding that the City of Newport News acting through James Fox as Chief of Police, assistant Chief of Police Joe Moore and Neil A. Morgan as assistant city manager, now acting as city manager failed and refused to comply with the grievance panel decision from on or about November 5, 2007 until December 22, 2008.

21. In April 23, 2008 the Plaintiff petitioned the Circuit Court of Newport News, requesting that his reinstatement be ordered by the Court. The Court rendered a

5

decision in the plaintiffs favor on August 18, 2008. The city delayed complying with the decision until a subsequent hearing in December 2008 following which the city told him to report to work.

22. Not withstanding his reinstatement, which was ordered on or about October 11, 2007. The city failed to pay the Plaintiff any salary or provide him with any employee benefits for the period from October 11, 2007 until December 22, 2008 causing him financial hardship, loss of income, mental anguish and injury to his reputation and profession.

23. Not withstanding the decision of the grievance panel acquitting the Plaintiff of the charges of Improper Procedure; Untruthfulness during the course of an investigation; Excessive use of force; and Improper/Unlawful Arrest, the Defendants, the city personnel department and City Police Department still maintain in his personnel file and other records that the said disciplinary charges were sustained against the Plaintiff.

24. The City Police Department records including Plaintiff's personnel records do not reflect that he was acquitted of charges as set forth in the paragraphs above. Thus damaging his reputation for professional competence and his personal honesty and integrity, his standing and opportunity for other employment, promotion and advancement. The Plaintiff asserts this failure to give effect to the grievance panel decision denies him of his right to due process of law under the 14th amendment.

25. All though his reinstatement as a police officer was ordered by the grievance panel, after beginning work on December 22, 2008 the Plaintiff was forbidden by the Chief of Police James Fox in a written letter, from making arrests or exercising his police powers as a sworn police officer and as described in his position description as a patrol officer. The Plaintiff asserts the said action deprives him if the benefit of the grievance system decision and deprives him of liberty and property without due

process of law in violation of his rights under the 5th and 14th amendments of the U.S. Constitution.

26. Not withstanding the grievance panels decision the defendants forbade the plaintiff to work as a patrol office and assigned him a position in the Records Bureau of the Police Department, a civilian position, which position prevented the plaintiff from gaining the experience and training necessary to qualify for any further promotion in grade, positions and remuneration depriving the plaintiff from all opportunity for further advancement.

## CONCLUSION

The foregoing acts and omission of the defendants damaged the plaintiffs reputation individually and professionally, caused him loss of income, deprived him of advancement, and other employment opportunities and caused him to suffer stress, humiliation and mental anguish and caused him to be damaged in the sum of FIVE MILLION DOLLARS and 00/100 ($5,000,000.00)

In addition the foregoing acts and omission of the defendants deprived the plaintiff of his right to liberty and property in violation of his right to due process of law under the 5th and 14th amendments to the United States Constitution and he moves for judgment against the defendants both jointly and severally in the sum of FIVE MILLION DOLLARS and 100/00 ($5,000,000.00) court costs herein and a reasonable award of attorney's fees and for appropriate equitable relief including removal of all restrictions limiting his position as a police officer and an Order correcting his personnel records.

The Plaintiff requests a trial by Jury.

7

Respectfully submitted,<br>
CORY M. HALL

By: _____

Kevin P. Shea (VSB No. 8933)
James D. Higginbottom (VSB No. 77901)
Kevin P. Shea & Associates
34 West Queens Way
Hampton, Virginia 23669
(757) 727-7767 (Telephone)
(757) 722-2484 (Facsimile)
kevinpshea@justice.com
*Counsel for Plaintiff Cory M. Hall*