IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**CORY M. HALL,**

    **Plaintiff,**

v.                                                                  C.A. NO. 4:09CV136

**CITY OF NEWPORT NEWS, et al.,**

    **Defendants.**

## DEFENDANTS' MOTION TO DISMISS
## AND MEMORANDUM IN SUPPORT

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, all Defendants move to dismiss the Complaint, in part, based on the Rooker-Feldman Doctrine. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all Defendants move to dismiss the remainder of the Complaint because it fails to state a claim for deprivation of either a liberty interest or a property interest. The Defendants Hildebrandt, Morgan and Moore further move to dismiss the Complaint because it fails to allege direct personal involvement in any allegedly wrongful act; the Defendant Fox moves to dismiss in part because the Complaint fails to allege direct personal involvement in any allegedly wrongful act except with respect to the alleged deprivation of a property interest.

### FACTUAL ALLEGATIONS

The Defendant, the City of Newport News, employs the Plaintiff, Cory M. Hall, as a police officer, and has done so since 1999. (Compl. ¶¶ 1-2 & 7-8.) The remaining Defendants consist of the former City Manager, Randy Hildebrandt; the Deputy City Manager and current Acting City Manager, Neil A. Morgan; the Chief of Police, James D. Fox; and an Assistant Chief of Police, Joe Moore. (Compl. ¶¶ 3-4 & 9-12.)

According to his Complaint, the City terminated Mr. Hall's employment as a police officer in November, 2006, on multiple grounds, including lying during an investigation. (Compl. ¶ 16.) Pursuant to state and local law, Mr. Hall initiated a grievance. (Compl. ¶¶ 13-14 & 17.) In October, 2007, a grievance panel unanimously dismissed one charge; dismissed two additional charges by a 2-1 vote; and upheld a fourth finding of misconduct but concluded that it did not justify termination of Mr. Hall's employment. (Compl. ¶¶ 18-19 & Ex. A.) The panel directed that Mr. Hall be reinstated but expressly and unanimously refused to award back pay. (Compl., Ex. A.)

The City's Director of Human Resources remanded the panel's decision. (See Newport News, Va., Code § 2-186(b)(5)(e) (Mun. Code Corp. 2005) ("The director of human resources may on his or her own action remand a decision which appears to be inconsistent with law and written policy to the panel for further consideration.").) In response, in November, 2007, the panel chair merely authored a letter purportedly on behalf of herself and Mr. Hall's panel appointee. (Compl., Ex. B.)

In April, 2008, Mr. Hall petitioned the Circuit Court for the City of Newport News pursuant to Section 15.2-1507(A)(11) of the Code of Virginia. (Compl. ¶ 21.) The Petition sought an order reinstating Mr. Hall to his position with the Newport News Police Department and "for such other relief as may be just and equitable." (Hall v. Newport News, No. 0800629F-15, Petition, Att. 1 hereto.)

In its opinion concluding that Mr. Hall should be reinstated, the Circuit Court also specifically addressed the issue of back pay, noting that a disposition in favor of the City would cost the City eighteen months of back pay (i.e. from November, 2006, when Mr. Hall was fired, to April, 2008, when he filed his petition for reinstatement). (Hall v. Newport News, No. 0800629F-15,

2

Letter to Counsel from The Hon. Timothy S. Fisher, Aug. 18, 2008, at 5, Att. 2 hereto.)  The Court entered its final order on September 23, 2008.  (Hall v. Newport News, No. 0800629F-15, Order, Sept. 23, 2008, Att. 3 hereto.)  The order contained no provision for back pay for any period of time, and Mr. Hall voiced no objection to the order on that basis.  (Id.)  The City reinstated Mr. Hall to his former position as a police officer in December, 2008.  (Compl. ¶ 21.)  The City did not pay Mr. Hall for any part of the period between November, 2006, when he was fired, and December, 2008, when he returned to work.  (Compl. ¶ 22.)  He continues to the present day as an employee of the City.  (Compl. ¶ 1.)

Mr. Hall alleges that files in both the City's Department of Human Resources and its Police Department contain records relating to his grievance and the underlying charges.  (Compl. ¶ 23.)  He alleges that, unlike the City's Department of Human Resources, the Police Department's records do not reflect the outcome of the panel decision.  (Compl. ¶ 24.)

Mr. Hall further alleges that upon his return to work the Police Department assigned him to work in its Records Bureau, and one of the Defendants, Chief Fox, issued an order to him forbidding him to make arrests or otherwise to exercise police powers on behalf of the City.  (Compl. ¶¶ 25-26.)

Although the Complaint makes reference only to Count I, in fact it makes three distinct claims:  1) the City wrongfully failed to pay Mr. Hall back pay after his reinstatement (Compl. ¶¶ 21-22); 2) the City infringed his liberty interest by placing a record of the grievance panel's decision only in the records maintained by its Department of Human Resources (Compl. ¶¶ 23-24); and 3) the City deprived him of a property interest by assigning him to perform work in its Police Department's Records Bureau rather than in its uniform patrol division, and by restricting his exercise of police powers (Compl. ¶¶ 25-26).  Mr. Hall seeks damages in the amount of $10 million and injunctive relief.

# ARGUMENT

<u>Summary</u>.  The Rooker-Feldman Doctrine holds that a district court lacks jurisdiction to review a final decision of a state court.  In this case, the Plaintiff complains to this Court that the City failed to pay him back pay after the grievance panel concluded that he should be reinstated, even though the state court declined to award such relief.  As to his liberty interest claim, the fact that stigmatizing documents remain in one of the files maintained by the City, without also including the decision of the grievance panel, is immaterial, because Mr. Hall failed to allege that the City disclosed or is likely to disclose the contents of these files.  Moreover, he remains employed as a police officer and received a name clearing hearing.  Further, a government employee enjoys no property interest in a specific job assignment.  Finally, the Complaint alleges no direct personal involvement on the part of any of the individual defendants except with respect to Chief Fox's order restricting Mr. Hall's activities.

## I.  The Rooker-Feldman Doctrine Deprives This Court<br>Of Jurisdiction To Award Back Pay.

The Rooker-Feldman Doctrine holds that district courts lack jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005).  If a claim asserted in federal court is "inextricably intertwined" with a second claim previously litigated in state court, then the federal court lacks jurisdiction to hear the matter.  <u>See</u> <u>District of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462, 482 n.16 (1983).

In this case, the Plaintiff petitioned the state court for reinstatement and other relief. He obtained reinstatement but he did not succeed in obtaining back pay. He did not complain of the latter decision either to the Circuit Court or to an appellate court. Instead, he now turns to this Court to grant him relief he did not get in state court. The issue of back pay can only be viewed as "inextricably intertwined" with the issue of reinstatement. Accordingly, to the extent that the Complaint is grounded on the question of back pay, it cannot be heard in this Court.

## II.  No Liberty Interest Has Been Infringed,<br>And Mr. Hall Received Due Process.

The Fourteenth Amendment to the United States Constitution guarantees that no citizen "shall be deprived of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 1. In Roth, the Supreme Court recognized that an individual's interest in his good name, reputation, or integrity constitutes a liberty interest that may be impacted by government action. Bd. of Regents v. Roth, 408 U.S. 564, 570 (1972). When an individual's liberty interest in preserving his good reputation is tied to a tangible interest such as employment, the procedural protections of the due process clause are invoked. Paul v. Davis, 424 U.S. 693, 701 (1976). A plaintiff's liberty interest claim develops, therefore, from both substantive and procedural rights that the Fourteenth Amendment protects: (1) the liberty "to engage in any of the common occupations of life," Roth, 408 U.S. at 572 (quoting Meyer v. Nebraska, 262 U.S. 390, 399 (1923)); and (2) the right to due process when "a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him." Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971).

### A. The Substantive Component

Under Roth, when a government employee is discharged by a public employer who relies on allegedly false charges that reflect upon the employee's "good name, reputation, honor, or integrity," the employee's liberty interests are implicated, and he has a constitutional right to notice and an opportunity to clear his name.  Roth, 408 U.S. at 573 & n.12.  The Supreme Court qualified what constitutes a liberty interest in Bishop v. Wood, 426 U.S. 341 (1976).  In Bishop, the Court refused to hold that a public employer adversely implicates a liberty interest when it discharges an at-will employee unless there is "public disclosure of the reasons for discharge."  Bishop, 426 U.S. at 348.

The Fourth Circuit recently explained the elements necessary to assert such a claim.  In order to properly state a claim that government infringed on a liberty interest, a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) have been or are likely to be made public by his employer; (3) were made in conjunction with his demotion or termination; and (4) were false.  Sciolino v. City of Newport News, 480 F.3d 642, 644 (4th Cir. 2007).  The Fourth Circuit determined that in order to state a due process claim, "an employee must allege (and ultimately prove) a likelihood that prospective employers . . . or the public at large will inspect the file."  Sciolino, 480 F.3d at 652.

In short, even if a locality's allegations were false, and even if they injured his reputation, etc., and even if the locality had afforded an employee no hearing whatsoever, without a good faith allegation of publication a complaint fails to state a claim.  Here, Mr. Hall's Complaint failed to make any allegation whatsoever that demonstrates a likelihood that either prospective employers or the public will inspect his personnel file.  Thus, he failed to allege the existence of a liberty interest.

Of greatest significance, however, is the fact that Mr. Hall remains employed by the City as a police officer. As such, he cannot claim infringement of a liberty interest: if he is employed, he cannot be unemployable. Johnson v. Morris, 903 F.2d 996, 999 (4th Cir. 1990).

### B. The Procedural Component

Although due process rights are not often so described, a government may deprive a person of his property or liberty interests if it affords him due process. In this case, Mr. Hall invoked his state law protections under the City's grievance procedure. He enjoyed the right to a full-blown, adversarial hearing, which ultimately resulted in the restoration of his employment. Such a process satisfies the due process clause. See generally, Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). Accordingly, even if the City infringed a liberty interest, Mr. Hall received due process and may not now complain.

Instead, Mr. Hall asks this Court to exercise its jurisdiction to tell local governments which pieces of paper must be placed in which files. (Compl. ¶ 24 & Prayer for Relief at 7.) He asks the Court to order the City to commit violations of the state's Public Records Act. (General Schedule 03, Series 010233, Library of Virginia[1] (Employee Personnel Files, including disciplinary actions, to be retained until 50 years after termination); General Schedule 03, Series 010238 (Grievance Records and Reports, including all proceedings related to an employee grievance, to be retained for three years after closure); General Schedule 17, Series 100770[2] (Internal Affairs Complaints, including founded and unfounded cases, to be retained until 20 years after close of investigation).) In other words, he makes no allegation that would justify this Court's intervention.

---

[1] http://www.lva.virginia.gov/agencies/records/sched_local/GS-03.pdf

[2] http://www.lva.virginia.gov/agencies/records/sched_local/GS-17.pdf

### III. The Complaint Fails To Identify Any Property Interest
### Protected By The Fourteenth Amendment.

The United States Supreme Court explained that "property interests . . . are not created by the Constitution . . ., they are created and . . . defined by existing rules or understandings that stem from an independent source such as state law - rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  <u>Roth</u>, 408 U.S. at 572.  The Court made clear that not all interests in property or a benefit merit Constitutional protection.

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.

<u>Roth</u>, 408 U.S. at 577.

Mr. Hall complains that the City "deprived him of the benefit of the grievance system decision" (Compl. ¶ 25) because Chief Fox assigned him to work in the Records Bureau and ordered him not to make arrests.  He thus advances the theory that he enjoys Constitutionally protected interests in exercising the authority of a police officer, as distinguished from an interest in the job itself.  He offers no substantive support for his contention, and he is plainly wrong.  Being invested with the authority to exercise the power to arrest differs on its face from being possessed of property or of an interest in a benefit.  Mr. Hall does not claim that the City divested him of his employment; he merely claims that he should be allowed to perform certain job functions typically performed by police officers.

The Fourth Circuit has consistently held that intra-departmental transfers do not implicate a property interest for purposes of the Fourteenth Amendment and that the Fourteenth Amendment does not extend protection to particular job assignments or duties.  <u>Fields v. Durham</u>, 909 F.2d 94

(4th Cir. 1990), cert. denied, 498 U.S. 1068 (1991); Huang v. Bd. of Governors of Univ. of North Carolina, 902 F.2d 1134 (4th Cir. 1990); Royster v. Bd. of Trustees, 774 F.2d 618 (4th Cir. 1985).

In Fields, the Plaintiff asserted that he had distinct property interests in his employment as a college professor as well as in his position as an administrator. The Fourth Circuit flatly rejected his argument.

> His argument implies that within the property interest in employment created by state law exist numerous entitlements within entitlements to perform specific functions. This court has been reluctant to recognize multiple property interests within the same employment relationship. Although we recognize the significance of an employee's property interest in retaining employment, see *Loudermill*, 470 U.S. at 543, 105 S.Ct. at 1493, <u>we have previously held that the constitutionally protected property interest in employment does not extend to the right to possess and retain a particular job or to perform particular services</u>. See *Huang v. Board of Governors*, 902 F.2d 1134 (4th Cir.1990); *Royster v. Board of Trustees*, 774 F.2d 618, 621 (4th Cir.1985). Rather, the property interest is more generally in continued employment, and no deprivation exists so long as the employee receives "payment of the full compensation due under the contract." *Royster*, 774 F.2d at 621.

Fields, 909 F.2d at 98 (emphasis added).

City ordinance reflects the same sentiment.

> Management reserves the exclusive right to manage the affairs and operations of the city. Included are the rights to establish job duties, . . ., to assign and direct the work of employees, . . . [and] to hire, promote, transfer, assign and retain employees . . . . Therefore the following complaints are not grievable:
> . . .
> (2)     Work activity accepted by the employee as a condition of employment or work activity which may reasonably be expected to be a part of job content; [and]
> . . .
> (8)     The hiring, promotion, transfer, assignment and retention of employees by the city . . . .

Newport News, Va., Code § 2-183 (Mun. Code Corp. 2005).  Thus, as a matter of local law, an employee may not challenge a decision by management to restructure his job duties, including those which an employee in a given position might reasonably expect to perform; for example, a police officer might reasonably expect to make arrests, but City management retains the right "to assign and direct the work of employees."

In the seminal Fourth Circuit decision, the Court noted:

> Royster has directed us to no authority which supports the proposition that a property interest in the continued expectation of public employment includes the right to physically possess a job, in defiance of the stated desire of the employer; nor has our own review revealed such authority. Indeed, to hold that Royster had a constitutionally protected property interest in continuing to perform his services would make it impossible for a public employer, dissatisfied with an employee's performance, but without specific contractual cause to discharge him, to relieve the employee from his duties although willing to compensate the employee in full. This is a situation full of difficulty and one which has received no support from the South Carolina Court, the Supreme Court, nor the courts of appeals, including our own.

Royster v. Bd. of Trustees, 774 F.2d 618, 621 (4th Cir. 1985).

In this case, Mr. Hall argues that one of the functions of a police officer is to make arrests, and that by directing him not to make arrests the City denied him a property interest.  Fields and Royster unambiguously foreclose that contention.  See also generally, Diedrich v. City of Newport News, Civ. Action No. 4:04CV9 (Order Apr. 26, 2004) (copy attached as Att. 4.)  Mr. Hall concedes that he continues to hold public employment with the City of Newport News as a police officer.  The Constitution protects nothing more.

### IV.  Respondeat Superior Cannot Establish Liability For Supervisors.

The bar against liability predicated solely on principles of respondeat superior applies equally to supervisors.  Some personal connection must be alleged.  Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).  Accordingly, since the Complaint alleges no personal connection between any of the individual defendants, except Chief Fox with respect to his order that Mr. Hall not exercise his police powers, the Complaint should be dismissed as to them.

### CONCLUSION

For reasons stated above, this Complaint should be dismissed.

        CITY OF NEWPORT NEWS,
        JAMES D. FOX, JOE MOORE,
        NEIL A. MORGAN, and RANDY HILDEBRANDT

        _____/s/_____
        Allen L. Jackson
        Chief Deputy City Attorney
        Virginia State Bar No. 17122
        Attorney for City of Newport News, James D. Fox,
        Joe Moore, Neil A. Morgan, and Randy Hildebrandt
        2400 Washington Avenue, 9th Floor
        Newport News, VA  23607
        (757) 926-7148 (telephone)
        (757) 926-8549 (fax)
        ajackson@nngov.com

**CERTIFICATE**

I hereby certify that on the 10th day of November, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kevin P. Shea, Esquire
Virginia State Bar No. 8933
James D. Higginbottom, Esquire
Virginia State Bar No. 77901
Attorneys for Cory M. Hall
Kevin P. Shea & Associates
34 West Queens Way
Hampton, VA  23669
(757) 727-7767 (telephone)
(757) 722-2484 (fax)
kevinpshea@justice.com
jhigginbottom@kevinpshea.com

                                       /s/
Allen L. Jackson
Chief Deputy City Attorney
Virginia State Bar No. 17122
Attorney for City of Newport News, James D. Fox,
Joe Moore, Neil A. Morgan, and Randy Hildebrandt
2400 Washington Avenue, 9th Floor
Newport News, VA  23607
(757) 926-7148 (telephone)
(757) 926-8549 (fax)
ajackson@nngov.com