**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

CORY M. HALL,
               Plaintiff,

v.                                                                            Civil Action No.:   4:09cv136
                                                                              Jury Trial Demanded

CITY OF NEWPORT NEWS,
Service:   2400 Washington Avenue
            Newport News, Virginia 23607

&

JAMES D. FOX,
Chief of Police
Officially & Individually
Service:   9710 Jefferson Avenue
            Newport News, Virginia 23605

&

JOE MOORE,
Assistant Chief of Police
Officially & Individually
Service:   9710 Jefferson Avenue
            Newport News, Virginia 23605

&

NEIL A. MORGAN,
Assistant City Manager/Acting City Manager
Officially & Individually
Service:   2400 Washington Avenue
            Newport News, Virginia 23607

&

RANDY HILDEBRANDT,
Former City Manager
Officially & Individually
Service:   204 Deauville Circle
            Newport News, Virginia 23606

## <u>AMENDED COMPLAINT</u>

1. Plaintiff, CORY M. HALL, a United States Citizen and a resident of the City of Newport News, Virginia is currently and was at all times pertinent a sworn police officer with the City of Newport News Police Department at all times in issue.

2. Defendant, the City of Newport News, is a political subdivision of the Commonwealth of Virginia, duly organized as a city possessing the corporate power to sue and be sued. The principal office for the City of Newport News is located at 2400 Washington Avenue, Newport News, Virginia. The City of Newport News is authorized by law and operates and maintains a municipal police department. At all times relevant hereto defendants were responsible for the administration of the Newport News City Police Department.

3. Defendant, James D. Fox, is an individual who, at all times relevant hereto was employed as Chief of Police and Administrator of the Newport News City Police Department and was responsible for the supervision and administration of the Newport News City Police Department and at all times relevant hereto was acting in that capacity and under color of state and city law. He is being sued both officially and in his individual capacity.

4. Defendant, Randy Hildebrandt, is an individual who, at all times relevant hereto was employed as City Manager, oversaw and administrated and acted as City Manager at the time in issue and at all times relevant hereto was acting in that capacity and under color of state and city law. He is being sued both officially and in his individual capacity.

5. Defendant, Neil Morgan, is an individual who, at all times relevant hereto was employed as Assistant City Manager, oversaw and administrated the Newport News City Police Department at the time in issue and at all times relevant hereto was acting

in that capacity and under color of state and city law. He is being sued both officially and in his individual capacity.

## JURISDICTION

6. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331. The claims for relief and cause of action alleged arose under 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments of the United States Constitution, and

7. The City of Newport and James D. Fox were responsible for the supervision and control of the Newport News City Police Department. All the actions and omissions alleged herein were carried out and occurred while the defendants were acting under the color of the law of the Commonwealth of Virginia.

## COUNT I

8. On July 6, 1999 CORY M. HALL, Plaintiff was hired to serve as a sworn police officer of the Newport News City Police Department and after successfully completing the course of instruction and after several months was appointed and duly qualified as such, taking oath office all as provided in Title 15.2 Section 1706 of the Code of Virginia, 1950 as amended.

9. The defendant, City of Newport News operated and maintains a Police Department (hereinafter the "Department") in accordance with powers conferred to do so under Title 15.2 of the Code of Virginia, 1950 as amended.

10. The Defendant, Neil Morgan, Assistant City Manager, oversaw and administrated the City Police Department at the time in issue.

11. The Defendant, Randy Hildebrandt, Former City Manager, oversaw and administrated and acted as City Manager at the time in issue.

12. The Defendant, James Fox, as Chief of Police of the of the Police Department for the City of Newport News, at the times in question oversaw and administrated the Police Department and was responsible for all personnel decisions including hiring, promotions, work assignments, discharge and suspension from employment.

13. The Defendant, Joe Moore, as Assistant Chief of Police of the of the Police Department for the City of Newport News, at the times in question assisted the Chief of Police, assisted with overseeing and administering the Police Department and assisted the Chief with all personnel decisions including hiring, promotions, work assignments, discharge and suspension from employment.

14. Title 15.2 Section 1506 of the Code of Virginia, 1950 as amended, in effect at all times in issue, creates an employee grievance procedure which governs the rights of municipal employees to grieve and appeal personnel decision and have them reversed by a grievance panel whose decisions are binding on the city under the aforementioned statute.

15. Pursuant to Title 15.2 Sections 1506 & 1507 of the Code of Virginia, 1950 as amended, the City of Newport News has adopted a grievance procedure, which governs the right of a city employee to appeal or grieve a personnel decision to a grievance panel, whose decision is binding on the city under the aforesaid statute of Virginia and ordinance of the City of Newport News. By reason of the foregoing statute, ordinances and personnel system of the City of Newport News City employees including the police officers are only dischargeable for cause.

16. From his appointment in 1999 until November 2006, Plaintiff was a certified law enforcement officer under Section 15.2-1706 and 1707 of the Code of Virginia and served as a uniform police office for the City with the authority to enforce the law by issuing summons and making arrest and has achieved the rank of Patrol Officer level

4

III and received a medal for a valor and for Police Officer of the Year awards plus other commendations.

17. On or about November 2006 the Plaintiff was discharged from his position by Chief of Police James Fox who sustained the following false department disciplinary charges against the Plaintiff:

- Improper Procedure
- Untruthfulness during the course of an investigation
- Excessive Use of Force
- Improper/Unlawful Arrest

18. The Plaintiff initiated a grievance procedure appealing his discharge from employment and his guilt of the said disciplinary charges, several of which reflected on his honesty and integrity.

19. On October 2, 3, and 4, 2007 a grievance panel pursuant to the City grievance procedure conducted a hearing on the matter.

20. On or about October 11, 2007 the grievance panel rendered its decision ordering that the Plaintiff be reinstated to his position as a City Police Officer (a copy of said decision is attached as Exhibit A).

21. The City of Newport News exercised its right under the grievance procedure to ask for remand on that decision. On November 5, 2007 the panel rendered a supplemental ruling on questions raised by the city (a copy of such ruling is attached as Exhibit B). Again, the panel ruled in favor of the Plaintiff.

22. Not withstanding the grievance panel's decision, the City of Newport News acting by and through James Fox as Chief of Police, assistant Chief of Police Joe Moore, Randy Hildebrandt, then city manager, and Neil A. Morgan as assistant city manager, now

acting as city manager refused to comply with the grievance panel decision from on or about November 5, 2007 until December 22, 2008.

23. At no point during that period, did the City of Newport News pursue any legal procedures to appeal or further remand the decision of the grievance panel.  There were no ongoing, good faith negotiations during that period.

24. The Defendant James Fox, Chief of Police, after the grievance panel decision on remand, confirming its earlier decision to reinstate the Plaintiff as a police officer, willfully and maliciously refused to comply with said decision without legitimate reason or legal excuse or authority until December 22, 2008.

25. The Defendants, Randy Hildebrandt, as city manager, Joe Moore, as assistant Chief of Police, and Neil Morgan, acting officially for the City of Newport News ratified and confirmed the refusal of the Chief of Police to comply with the grievance panel decision.

26. In April 23, 2008 the Plaintiff petitioned the Circuit Court of Newport News, requesting that his reinstatement be ordered by the Court. The Court rendered a decision in the plaintiffs favor on August 18, 2008.

27. The City willfully failed to comply with the circuit court order enforcing the previous decision of the grievance panel.  In doing so, the City acted without legal excuse or authority.

28. The Plaintiff was force to return to court in December 2008 on a Motion to Compel. The city delayed complying with the court's decision until that hearing, following which the City told him to report to work.

29. Not withstanding his reinstatement, which was ordered on or about November 5, 2007, the city failed to pay the Plaintiff any salary or provide him with any employee

benefits for the period from October 11, 2007 until December 22, 2008 causing him: financial hardship; loss of income; loss of employment benefits; loss of seniority; loss of pension contributions; delayed eligibility for promotion, retirement, and pension benefits; mental anguish, and injury to his reputation and profession.

## COUNT II

30. The Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 29.

31. Not withstanding the decision of the grievance panel acquitting the Plaintiff of the charges of Improper Procedure; Untruthfulness during the course of an investigation; Excessive use of force; and Improper/Unlawful Arrest, the Defendants, the city personnel department and City Police Department still maintain in his personnel file and other records that the said disciplinary charges were sustained against the Plaintiff.

32. The City Police Department records including Plaintiff's personnel records do not reflect that he was acquitted of charges as set forth in the paragraphs above. Thus damaging his reputation for professional competence and his personal honesty and integrity, his standing and opportunity for other employment, promotion and advancement. The Plaintiff asserts this failure to give effect to the grievance panel decision denies him of his right to due process of law under the 14th amendment.

33. By reason of the forgoing acts of the Defendants since November 5, 2007, false and stigmatizing information has been maintained in the files and records of the Newport News Police Department concerning the Plaintiff.  Which information, Defendants have disclosed  and furnished to potential employers with whom the Plaintiff has unsuccessfully sought employment since November 5, 2007.

34. Consistent with its policies and procedures, the City has, in the past, disclosed of the aforesaid false and stigmatizing information to prospective employers of the Plaintiff and it is therefore highly likely the said information will be disclosed and made available by the Defendants to prospective employers of the Plaintiff in the future.

35. The maintenance and disclosure to prospective employers of false and stigmatizing information concerning the Plaintiff in the files and records of the City Police Department is the result of the orders and policies imposed by the Defendants James D. Fox and Joe Moore, which policies and procedures were ratified and confirmed by the Defendants Randy Hildebrandt and Neil Morgan.

## **COUNT III**

36. The Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 35.

37. Although his reinstatement as a police officer was ordered by the grievance panel, the City only partially complied with the panel decision.  After being recalled to work on December 22, 2008 the Plaintiff was forbidden by the Chief of Police James Fox in a written letter, from making arrests or exercising his police powers as a sworn police officer.  This went beyond merely controlling his assigned work and deprived the Plaintiff of his status as a police officer and certified law-enforcement officer.

38. The Personnel Administrative Manual for the City of Newport News defines a police officer as a person who can exercise law enforcement powers, including making stops of suspects, issuing summonses and warrants, exercising powers of arrest, and testifying in a court of law.  By recalling the Plaintiff to work without his police powers, the Defendants have made the Plaintiff something other that a police officer, in contravention of the grievance panel decision and subsequent court order.

39. The decision to not reinstate the Plaintiff as a police officer, despite the grievance panel decision and the court order, was the result of orders and policies imposed by the Defendants James D. Fox and Joe Moore, which policies and procedures were ratified and confirmed by the Defendants Randy Hildebrandt and Neil Morgan.

40. The Plaintiff asserts the said action deprives him if the benefit of the grievance system decision and deprives him of liberty and property without due process of law in violation of his rights under the 5th and 14th amendments of the U.S. Constitution.

41. The Defendants by their actions, in substance decertified the Plaintiff as a law-enforcement officer without due process.  In Title 9.1 Section 101 of the Code of Virginia 1950 as amended, a law-enforcement officer is defined as "any full-time or part-time employee of a police department . . . who is responsible for the prevention and detection of crime and the enforcement of the penal, traffic, or highway laws of the Commonwealth."

42. The Plaintiff was certified as a law-enforcement officer by the Department of Criminal Justice Services pursuant to Title 15.2 Section 1706 of the Code of Virginia, 1950 as amended.

43. Defendants, by administrative order and without due process, have stripped the Plaintiff of his law enforcement powers and deprived the Plaintiff of his status as a certified law-enforcement officer, without following the guidelines and requirements laid out in Title 15.2 Section 1707 and 1708 of the Code of Virginia, 1950 as amended.

44. Not withstanding the grievance panel's decision, the Defendants forbade the plaintiff to work as a police office, effectively decertifying him without due process, and assigned him a position in the Records Bureau of the Police Department, a civilian position, which position prevented the plaintiff from gaining the experience and training necessary to qualify for any further promotion in grade, positions and

remuneration, depriving the plaintiff from all opportunity for further advancement. Plaintiff has also lost the opportunity for the off-duty employment as a law-enforcement officer with outside employers under Section 15.2-1712 of the Virginia Code and the related income, which he enjoyed prior to being recalled.  Furthermore, his relegation to a civilian assignment is injurious to the Plaintiff's reputation and professional standing.

## **CONCLUSION**

The foregoing acts and omission of the defendants damaged the plaintiffs reputation individually and professionally, caused him loss of income, deprived him of advancement, and other employment opportunities and caused him to suffer stress, humiliation and mental anguish and caused him to be damaged in the sum of FIVE MILLION DOLLARS and 00/100 ($5,000,000.00)

The foregoing acts and omission of the defendants deprived the plaintiff of his right to liberty and property in violation of his right to due process of law under the 5th and 14th amendments to the United States Constitution and he moves for judgment against the defendants both jointly and severally in the sum of FIVE MILLION DOLLARS and 100/00 ($5,000,000.00) court costs herein and a reasonable award of attorney's fees and for appropriate equitable relief including removal of all restrictions limiting his position as a police officer and an Order correcting his personnel records.

The Plaintiff requests a trial by Jury.

Respectfully submitted,
CORY M. HALL


By: _____/s/_____
                    Of Counsel


Kevin P. Shea (VSB No. 8933)
Christina E. James (VSB No. 48414)

Kevin P. Shea & Associates
34 West Queens Way
Hampton, Virginia 23669
(757) 727-7767 (Telephone)
(757) 722-2484 (Facsimile)
kevinpshea@justice.com
*Counsel for Plaintiff Cory M. Hall*


**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Allen L. Jackson, Esquire (VSB# 17122)
Chief Deputy City Attorney
Attorney for City of Newport News, James D. Fox,
Joe Moore, Meal A. Morgan, and Randy Hildebrandt
2400 Washington Avenue, 9th Floor
Newport News, VA 23607
(757) 926-7148 (telephone)
(757) 926-8549 (fax)
ajackson@nngov.com


_____/s/_____
Kevin P. Shea (VSB No. 8933)
Christina E. James (VSB No. 48414)
Kevin P. Shea & Associates
34 West Queens Way
Hampton, Virginia 23669
(757) 727-7767 (Telephone)
(757) 722-2484 (Facsimile)
kevinpshea@justice.com
*Counsel for Plaintiff Cory M. Hall*