IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**CORY M. HALL,**

    **Plaintiff,**

v.                                        **C.A. NO. 4:09CV136**

**CITY OF NEWPORT NEWS, et al.,**

    **Defendants.**

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants the City of Newport News, James D. Fox, Joe Moore, Neil A. Morgan and Randy Hildebrandt (collectively "Defendants"), by counsel, for their Memorandum in Support of Motion to Dismiss Plaintiff's Amended Complaint, state as follows:

**Introduction**

Plaintiff Cory M. Hall ("Hall") has sued for back pay and alleged violations of his constitutional rights. The Court should dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim.

First, the Court lacks subject matter jurisdiction (or should decline to exercise any jurisdiction it might otherwise have) over Count I of the Amended Complaint, which includes Hall's back pay claims against the City, because the right to pursue back pay is expressly reserved to the state circuit court and state and local grievance procedures under Va. Code Ann. § 15.2-1507(A)(11). Moreover, Count I does not enjoy any independent basis for jurisdiction since it does not meet the threshold requirements for diversity and does not raise a federal

1

question. Further, even assuming for sake of argument that the Court does have jurisdiction, Hall's claims in Count I are barred either by the Rooker-Feldman doctrine or res judicata.

Second, Hall's constitutional claims, which he raises in Counts II and III of the Amended Complaint, are barred because by his own allegations he has received all the process he could possibly be due. In addition, his continued employment with the City bars him from claiming he has been deprived of any liberty interest or property rights.

Finally, Hall is precluded by law from recovering under a theory of vicarious liability and has failed sufficiently to allege any improper acts by individual defendants.

For these reasons and those below, the Court should dismiss the Amended Complaint with prejudice.

## Statement of Undisputed Facts

### I. Hall's Termination and the Grievance Panel Decision

The Defendant, the City of Newport News, employs the Plaintiff, Cory M. Hall, as a police officer, and has done so since 1999. (Am. Compl. ¶¶ 1, 8). The remaining Defendants consist of the former City Manager, Randy Hildebrandt; the former Deputy City Manager and current City Manager, Neil A. Morgan; the Chief of Police, James D. Fox; and an Assistant Chief of Police, Joe Moore. (Am. Compl. ¶¶ 3-5 & 10-13).

The City terminated Hall's employment as a police officer in November 2006 on multiple grounds, including lying during an investigation. (Am. Compl. ¶ 17). Pursuant to state and local law, Hall initiated a grievance. (Am. Compl. ¶¶ 14-15 & 18). In October 2007, a grievance panel unanimously dismissed one charge; dismissed two additional charges by a 2-1 vote; and upheld a fourth finding of misconduct but concluded that it did not justify termination of Hall's

employment. (Am. Compl. ¶¶ 19-20 & Ex. A). The panel directed that Hall be reinstated but expressly and unanimously refused to award back pay. (Am. Compl., Ex. A).

The City's Director of Human Resources remanded the panel's decision. (See Newport News, Va., Code § 2-186(b)(5)(e) (Mun. Code Corp. 2005) ("The director of human resources may on his or her own action remand a decision which appears to be inconsistent with law and written policy to the panel for further consideration.")). (Am. Compl., ¶ 21). In response, in November 2007 the panel chair authored a letter purportedly on behalf of herself and Hall's panel appointee that reaffirmed the majority opinion of the grievance panel. (Am. Compl. ¶ 21, Ex. B).

## II.   The State Court Petition to Implement the Grievance Panel Decision

In April 2008, Hall petitioned the Circuit Court for the City of Newport News pursuant to Section 15.2-1507(A)(11) of the Code of Virginia seeking an order reinstating Hall to his position with the Newport News Police Department. (Am. Compl. ¶ 26) (Hall v. Newport News, No. 0800629F-15, Petition, attached as **Exhibit 1** to this memorandum). The circuit court affirmed the decision of the grievance panel, including the denial of back pay.

In its opinion concluding that Hall should be reinstated, the circuit court specifically addressed the issue of back pay. It first noted the City's argument that a disposition reinstating Hall to employment without an award of eighteen months of back pay (i.e. from November 2006 when Hall was fired, to April 2008 when he filed his petition for reinstatement) would exceed the authorized penalty for Level II Misconduct and therefore would be against written policy. (Hall v. Newport News, No. 0800629F-15, Letter to Counsel from The Hon. Timothy S. Fisher, Aug. 18, 2008, at 5, attached as **Exhibit 2**).

But Judge Fisher then concluded that this failure to pay back pay would not render implementation of the grievance panel decision an error as a matter of law because *Hall had waived his back pay claims*. Specifically, Judge Fisher observed as follows: "The court cannot say that reinstatement of the grievant without back pay would be, in this case, an error as a matter of law. The primary reason for this decision is that the grievant requested implementation of the grievance panel decision without change. Therefore the grievant has *implicitly in his petition and explicitly at the hearing, if I remember grievant's counsel correctly; (sic) waived any issue of a claim for back pay against the City* as a result of the grievance panel decision." Id. (emphasis supplied).

The circuit court entered its final order on September 23, 2008. (Hall v. Newport News, No. 0800629F-15, Order, Sept. 23, 2008, attached as **Exhibit 3**). Notably, the final order expressly incorporated the Aug. 18, 2008 Letter Opinion, and it contained no provision for back pay for any period of time. Hall voiced no objection to the order on that basis and did not appeal. (Id). The City reinstated Hall to his former position as a police officer in December 2008. (Am. Compl. ¶ 28). The City did not pay Hall for any part of the period between November 2006, when he was fired, and December 2008, when he returned to work. (Am. Compl. ¶ 29). He continues to the present day as an employee of the City. (Am. Compl. ¶ 1).

### III. Count II: Liberty Interest Allegations

The City's Department of Human Resources and its Police Department contain records relating to Hall's grievance and the underlying charges. (Am. Compl. ¶ 31). Unlike the City's Department of Human Resources, the Police Department's records do not reflect the outcome of the panel decision. (Am. Compl. ¶ 32). Hall claims that records in the Police Department which reflect the changes but not the final panel decision are "false and stigmatizing," (Am. Compl., ¶

33) and that "[c]onsistent with its policies and procedures, the City has, in the past, disclosed of (sic) the aforesaid false and stigmatizing information to prospective employers of the Plaintiff and it is therefore highly likely the said information will be disclosed and made available by the Defendants to prospective employers of the Plaintiff in the future." (Am. Compl, ¶ 34).

**IV.    Count III: Property Interest Allegations**

Upon Hall's return to work the Police Department assigned him to work in its Records Bureau, and one of the Defendants, Chief Fox, issued a letter to him forbidding him to make arrests or otherwise to exercise police powers on behalf of the City. (Am. Compl. ¶ 37).

**Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. The function of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). Although a complaint need not contain detailed factual allegations, the factual allegations must be enough to raise a right to relief above the level of speculation, on the assumption that all allegations in the complaint are true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Ashcroft v. Iqbal, 556 U.S. at 129, S.Ct. at 1949 (2009). Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice. Twombly, 550 U.S. at 555. A complaint must contain sufficient factual matter to "state claim to relief that is plausible on its face." Id. at 570.

**Argument**

I. **The Court Lacks Jurisdiction to Entertain, Or Should Abstain from Exercising Jurisdiction Over, Hall's Back Pay Claims.**

The Court lacks jurisdiction to entertain (or, in the alternative, should abstain from exercising jurisdiction over and dismiss) Count I, which includes Hall's back pay claims, because those claims do not enjoy any independent basis for subject matter jurisdiction and because they are subject to a state administrative framework.

Initially, Hall's claims for back pay lack diversity, lack the amount in controversy necessary for diversity claims under 28 U.S.C. § 1332, and do not raise a federal question. Nor, given that his constitutional claims should be dismissed for reasons discussed herein, is there any reason for this Court to exercise supplemental jurisdiction over these claims.

Furthermore, by statute, the Commonwealth of Virginia has provided for an administrative procedure to entertain such claims and vested authority to consider appeals from the administrative proceedings with the circuit court of the jurisdiction at issue. Va. Code Ann. § 15.2-1507(A)(11). Notably, Hall himself alleges the existence and application of this administrative and appeal framework in the Amended Complaint. (Am. Compl., ¶¶ 14-15).

Where the state has set up an administrative process to address a plaintiff's claims, the Court should abstain from deciding the claims and dismiss on Burford abstention grounds. In Johnson v. Collins, 199 F.3d 710 (4th Cir. 1999), the Fourth Circuit applied Burford abstention. In doing so, it recognized that federal courts should abstain from deciding cases "whose adjudication in a federal forum 'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" Id. at 719 (citation omitted). Thus, federal courts should "respect the efforts of state governments to ensure uniform treatment of

essentially local problems" because such respect "safeguards [the] federal system from the '[d]elay, misunderstanding of local law, and needless conflict with [a] state policy' that inevitably results from federal judicial intrusions into areas of core state prerogative.'" Id. (citing Burford v. Sun Oil Co., 319 U.S. 315, 327 (1943)).

Here, Hall seeks to have this Court insert itself into the administrative framework adopted by the City and the Commonwealth of Virginia which provides for review of a local employee's back pay claims and subsequent appeal of that decision to state circuit court under Va. Code Ann. § 15.2-1507(A)(11).[1] Exercising jurisdiction in these circumstances would disrupt Virginia's efforts to establish a coherent policy with respect to public employee grievance procedures, which is indisputably a "matter of substantial public concern."  Moreover, federal intrusion into this process would threaten the uniform treatment of these "essentially local problems," and would also needlessly conflict with state policy.

Finally, given the nature of Hall's claims in Count I, this Court may properly dismiss them. Where a plaintiff brings a claim for damages, under Burford a federal court should stay the damages claim, rather than dismiss it. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731 (1996). On the other hand, where the claim seeks equitable or discretionary relief, the Court may dismiss or remand the action. Id. In this case, Hall does not state either a tort or contract claim for damages in Count I of his Amended Complaint; rather, he seeks to have this Court enter what amounts to injunctive relief – i.e., an order that the City is obligated to treat Hall as if he had

---

1 While often Burford abstention claims involve parallel, pending state court or administrative proceedings, the absence of a pending state action is not fatal to a Burford abstention claim. For example, in Johnson the matters that the Fourth Circuit concluded should be addressed by a state court were, for the most part, not the subject of other parallel state court actions. 199 F.3d at 717 (listing claims of plaintiff and also recognizing that some claims that were "not directly involved in [the] appeal" had been the subject of a certified question or "separate state proceedings"). See also Caudill v. Eubanks Farms, Inc., 301 F.3d 658 (6th Cir. 2002) (abstaining under Burford where no parallel action pending because state administrative and regulatory procedures governing corporate dissolution counseled against exercising federal jurisdiction).

been employed for the period between the grievance panel's order to reinstate Hall in 2007 and Hall's actual reinstatement in December 2008 and that the City should therefore restore to him all compensation and benefits he allegedly lost.[2] (Not coincidentally, this is the same relief the Commonwealth of Virginia adopted Va. Code Ann. § 15.2-1506 and 1507 to address, a point Hall essentially concedes in his Amended Complaint). Thus, Count I is in the nature of equitable or discretionary relief and may be dismissed without running afoul of Burford's stay mandate.

## II. Hall's Claims are Barred Under the Doctrine of Res Judicata

Even if the Court decides it may (or should) exercise jurisdiction over Count I, Hall's claims in Count I are barred either by the Rooker-Feldman doctrine or, in the alternative, by the principles of res judicata. In short, the circuit court's ruling included a rejection of (or, perhaps more precisely, a recognition of Hall's abandonment of) any claim for back pay from either before or after the grievance panel's decision to reinstate Hall's employment. Thus, Hall's claim for back pay in this case is a challenge to the state court judgment of the type barred by Rooker-Feldman. To the extent, however, that Hall's claim is read as a challenge to the Defendants' improper actions, as opposed to a challenge of the circuit court's judgment, then his claims to back pay are barred by res judicata or claim preclusion.

---

2 Admittedly, Hall's Amended Complaint could be more precise regarding the actual nature of the relief he seeks in Count I. What is evident, however, is that Hall does not set forth the elements of any cause of action in Count I, other than a general assertion that the City erred by refusing to pay him "any salary or provide him with any employee benefits for the period from October 11, 2007 until December 22, 2008 …." (Am. Compl., ¶ 29). Hall does assert in the latter half of paragraph 29 that such failure caused "financial hardship; loss of income; loss of employment benefits; loss of seniority; loss of pension contributions; delayed eligibility for promotion, retirement, and pension benefits; mental anguish, and injury to his reputation and profession." Id. Again, however, since Hall has not pled the elements of any cause of action, other than an order directing the City to treat Hall as if he had been employed from October 11, 2007 through December 22, 2008, it is not clear that Hall actually seeks an award of "damages," at least as that term applies to the question of whether a stay or dismissal is appropriate under Burford. Since the Amended Complaint is Hall's second bite at the apple, and since under Iqubal Hall has the burden to set forth a plausible claim for relief, any ambiguity in the pleading should be construed against Hall and in favor of dismissal under Burford.

In <u>Davani v. Virginia Department of Transportation</u>, 434 F.3d 712 (4th Cir. 2006), the Fourth Circuit reviewed the proper application of <u>Rooker-Feldman</u> principles – and the corresponding application of the doctrines of res judicata and claim preclusion – in light of the Supreme Court's decision in <u>Exxon Mobile Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280 (2005). The Fourth Circuit first recognized that, prior to <u>Exxon</u>, it had improperly applied the <u>Rooker-Feldman</u> doctrine. It then set forth the following standard: "<u>Exxon</u> teaches … that the <u>Rooker-Feldman</u> doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." 434 F.3d at 713. Because the plaintiff in <u>Davani</u> sought redress for "an injury allegedly caused by Appellees," instead of seeking to challenge the state court judgment, the Court found the doctrine did not apply.

Here, the Amended Complaint contends that the Defendants' actions damaged Hall; at least on its face, although the Amended Complaint specifically references the circuit court decision, it is not clear that the Amended Complaint is framed as a challenge of the circuit court decision. Thus, even though the state circuit court decision found that Hall had waived any claim to back pay, the <u>Rooker-Feldman</u> doctrine may not preclude this Court from exercising jurisdiction since the Amended Complaint could be read as not alleging injury arising from the state court decision, as opposed to the actions of Defendants.

Even if the Court concludes that <u>Rooker-Feldman</u> does not apply, however, res judicata and claim preclusion do bar the claims for back pay in the Amended Complaint. In <u>Davani</u>, the Fourth Circuit recognized that, even where the <u>Rooker-Feldman</u> doctrine does not apply, a plaintiff's claims could be barred by the doctrines of res judicata and collateral estoppel. 434 F.2d at 720. The court then noted that among the factors to be considered in determining

9

whether a federal court plaintiff's claims are barred are "the claims [the plaintiff] actually made [in the state court] and that issues that [the plaintiff] actually presented in those proceedings." 434 F.3d at 720. See also Smith v. Com. of Va., No. 3:08cv800, 2009 WL 2175759, *9 fn. 7 (E.D. Va. Jul. 16, 2009) ("The nonapplicability of the *Rooker-Feldman* doctrine does not affect the ability of a federal court to dispose of an action or issue on *res judicata*, comity, or abstention grounds.")

Here, as described above, the Newport News Circuit Court directly considered the existence – or lack thereof – of the defendant's ability to collect back pay. Indeed, the circuit court conducted the back pay analysis because it was critical to the decision of whether enforcing the grievance panel decision would be contrary to law and written policy. And it expressly concluded, in a Letter Opinion later incorporated into the final order, that any claim to back pay had been waived. See Fennell v. Town of Pocahontas, 2005 U.S. Dist. LEXIS 19007 (W.D. Va. Sept., 2, 2005) (granting motion to dismiss and observing that "the plaintiff had just one cause of action relating to the defendants' alleged violations of the grievance procedure, and could therefore maintain only one suit to remedy those violations").[3]

Under these circumstances, Count I is barred by, at least, res judicata.

### III.  **Hall Fails to State a Liberty Interest Claim**

Hall claims that records in the Police Department which reflect the changes but not the final panel decision are "false and stigmatizing," (Am. Compl., ¶ 33) and that "[c]onsistent with

---

3 The City was the only party to the circuit court case, while, obviously, additional parties are defendants here. The crux of Hall's claim in Count I, however, is that the City failed to comply with the circuit court and grievance panel order – in paragraphs 27 through 29 of the Amended Complaint, the City is targeted as the defendant whose failure to comply with the decisions in the grievance process damaged Hall. While Hall targets the other defendants in paragraphs 22 through 25 of Count I, he states no plausible basis for relief against them, since they were not parties to the grievance proceeding. In sum, the City is the actual party in interest to Count I, and the fact that other parties are nominally included should not prevent the application of res judicata to Count I.

its policies and procedures, the City has, in the past, disclosed of the aforesaid false and stigmatizing information to prospective employers of the Plaintiff and it is therefore highly likely the said information will be disclosed and made available by the Defendants to prospective employers of the Plaintiff in the future." (Am. Compl, ¶ 34).

The Fourteenth Amendment to the United States Constitution guarantees that no citizen "shall be deprived of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 1. In Roth, the Supreme Court recognized that an individual's interest in his good name, reputation, or integrity constitutes a liberty interest that may be impacted by government action. Bd. of Regents v. Roth, 408 U.S. 564, 570 (1972). When an individual's liberty interest in preserving his good reputation is tied to a tangible interest such as employment, the procedural protections of the due process clause are invoked. Paul v. Davis, 424 U.S. 693, 701 (1976).

Most importantly for purposes of this case, it is undisputed that (i) Hall remains employed with the City, and (ii) Hall received all of the process one could possibly desire. He clearly cannot claim infringement of a liberty interest: if he is employed, he cannot be unemployable. Johnson v. Morris, 903 F.2d 996, 999 (4th Cir. 1990).

Indeed, Judge Morgan addressed this exact issue in Diedrich v. City of Newport News, CA No. 4:04cv9 (E.D. Va. Apr. 26, 2004) (attached hereto as **Exhibit 4**), aff'd, No. 04-1603, 109 Fed. Appx. 526, 2004 U.S. App. LEXIS 19264 (4th Cir. Sept. 14, 2004) (affirming "for the reasons stated by the district court") (unpublished). The plaintiff in that case alleged that his liberty interests had been implicated by the defendant's actions. But Judge Morgan rejected the claim, observing that, "[l]ike the plaintiff in Johnson, the Plaintiff remains employed, and thus, cannot complain that he has been made unemployable." Id. at pp. 6-7. And this Court went on to note that even an impact on the Plaintiff's future advancement opportunities would not state a

11

claim, since recognizing such a basis for a claim of damages would improperly render federal courts "the grievance machinery for public-sector employees." Id. at 7.

### IV.     The Procedural Component

Although due process rights are not often so described, a government may deprive a person of his property or liberty interests if it affords him due process. In this case, Hall invoked his state law protections under the City's grievance procedure. He enjoyed the right to a full-blown, adversarial hearing, which ultimately resulted in the restoration of his employment. Such a process satisfies the due process clause. See generally, Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). Accordingly, even if the City infringed a liberty interest, Hall received due process and may not now complain.

### V.     Hall Fails to State a Property Interest Claim

Finally, the Court should grant the Motion to Dismiss because Hall fails to state a property interest claim. Hall's basic complaint is that the City allegedly has deprived him of the benefit of the grievance system decision because Chief Fox assigned him to work in the Records Bureau, ordered him not to make arrests and essentially stripped him of his police powers. (Am. Compl., ¶¶ 38-44).

Again, Judge Morgan's decision in Dietrich is directly on point. There, the plaintiff complained of virtually identical action by the defendants – namely, that the defendants had revoked his arrest powers and related police authority allegedly guaranteed by Virginia law.

Judge Morgan, however, rejected the claim, holding that so long as the employee retained his job with full compensation, changes in his duties did not state a property interest claim. Diedrich, pp. 7-10. In reaching his decision, Judge Morgan relied on the Fourth Circuit's consistent holdings that intra-departmental transfers do not implicate a property interest for

purposes of the Fourteenth Amendment and that the Fourteenth Amendment does not extend protection to particular job assignments or duties.  Fields v. Durham, 909 F.2d 94 (4th Cir. 1990), cert. denied, 498 U.S. 1068 (1991); Huang v. Bd. of Governors of Univ. of North Carolina, 902 F.2d 1134 (4th Cir. 1990); Royster v. Bd. of Trustees, 774 F.2d 618 (4th Cir. 1985).

For example, in Fields, the Plaintiff asserted that he had distinct property interests in his employment as a college professor as well as in his position as an administrator.  The Fourth Circuit flatly rejected his argument.

> His argument implies that within the property interest in employment created by state law exist numerous entitlements within entitlements to perform specific functions. This court has been reluctant to recognize multiple property interests within the same employment relationship. Although we recognize the significance of an employee's property interest in retaining employment, see *Loudermill*, 470 U.S. at 543, 105 S.Ct. at 1493, we have previously held that the constitutionally protected property interest in employment does not extend to the right to possess and retain a particular job or to perform particular services. *See Huang v. Board of Governors*, 902 F.2d 1134 (4th Cir.1990); *Royster v. Board of Trustees*, 774 F.2d 618, 621 (4th Cir.1985). Rather, the property interest is more generally in continued employment, and no deprivation exists so long as the employee receives "payment of the full compensation due under the contract." *Royster*, 774 F.2d at 621.

Fields, 909 F.2d at 98 (emphasis added).

City ordinance reflects the same sentiment.

> Management reserves the exclusive right to manage the affairs and operations of the city. Included are the rights to establish job duties, . . ., to assign and direct the work of employees, . . . [and] to hire, promote, transfer, assign and retain employees . . . . Therefore the following complaints are not grievable:
> . . .

>   (2)   Work activity accepted by the employee as a condition of employment or work activity which may reasonably be expected to be a part of job content; [and]
>   . . .
>   (8)   The hiring, promotion, transfer, assignment and retention of employees by the city . . . .

Newport News, Va., Code § 2-183 (Mun. Code Corp. 2005). Thus, as a matter of local law, an employee may not challenge a decision by management to restructure his job duties, including those which an employee in a given position might reasonably expect to perform; for example, a police officer might reasonably expect to make arrests, but City management retains the right "to assign and direct the work of employees."

In the seminal Fourth Circuit decision, the Court noted:

> Royster has directed us to no authority which supports the proposition that a property interest in the continued expectation of public employment includes the right to physically possess a job, in defiance of the stated desire of the employer; nor has our own review revealed such authority. Indeed, to hold that Royster had a constitutionally protected property interest in continuing to perform his services would make it impossible for a public employer, dissatisfied with an employee's performance, but without specific contractual cause to discharge him, to relieve the employee from his duties although willing to compensate the employee in full. This is a situation full of difficulty and one which has received no support from the South Carolina Court, the Supreme Court, nor the courts of appeals, including our own.

Royster v. Bd. of Trustees, 774 F.2d 618, 621 (4th Cir. 1985).

For these reasons, the Court should grant the Motion and dismiss the Amended Complaint.

## VI.   Respondeat Superior Cannot Establish Liability For Supervisors

The bar against liability predicated solely on principles of respondeat superior applies equally to supervisors. Some personal connection must be alleged. Vinnedge v. Gibbs, 550 F.2d

926, 928 (4th Cir. 1977). Accordingly, since the Complaint alleges no personal connection between any of the individual defendants, except Chief Fox with respect to his order that Hall not exercise his police powers, the Complaint should be dismissed as to them.

### Conclusion

For these reasons, the Court should dismiss the Amended Complaint with prejudice.

**CITY OF NEWPORT NEWS, JAMES D. FOX, JOE MOORE, NEIL A. MORGAN, AND RANDY HILDEBRANDT**

By: */s/ R. Johan Conrod, Jr.*
Stanley G. Barr, Jr. (VSB No. 7224)
sgbarr@kaufcan.com
R. Johan Conrod, Jr. (VSB No. 46765)
rjconrod@kaufcan.com
KAUFMAN & CANOLES, P. C.
Post Office Box 3037
Norfolk, VA 23514
(757) 624-3000
(757) 624-3169 Facsimile
*Counsel for Defendants City of Newport News, James D. Fox, Neil A. Morgan, and Randy Hildebrandt*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Memorandum in Support of Motion to Dismiss is being filed with the Court's Electronic Filing System this 1st of March 2010, which will send a Notice of Electronic Filing (NEF) to the following users:

>Kevin P. Shea, Esq.
>kevinpshea@justice.com
>34 West Queens Way
>Hampton, VA 23669
>(757) 727-7767
>*Counsel for Plaintiff Cory M. Hall*

>/s/ R. Johan Conrod, Jr.
>Stanley G. Barr, Jr. (VSB No. 7224)
>sgbarr@kaufcan.com
>R. Johan Conrod, Jr. (VSB No. 46765)
>rjconrod@kaufcan.com
>KAUFMAN & CANOLES, P. C.
>Post Office Box 3037
>Norfolk, VA 23514
>(757) 624-3000
>(757) 624-3169 Facsimile
>*Counsel for Defendants City of Newport News, James D. Fox, Neil A. Morgan, and Randy Hildebrandt*

::ODMA\PCDOCS\DOCSNFK\1586114\1