<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1653

CORY M. HALL,

        Plaintiff – Appellant,

  v.

CITY OF NEWPORT NEWS; JAMES D. FOX, Chief of Police Officially and Individually; JOE MOORE, Assistant Chief of Police Officially and Individually; NEIL A. MORGAN, Assistant City Manager/Acting City Manager Officially and Individually; RANDY HILDEBRANDT, Former City Manager Officially and Individually,

        Defendants – Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, District Judge. (4:09-cv-00136-RBS-DEM)

Argued: September 22, 2011        Decided: March 14, 2012

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part and reversed and remanded in part by unpublished per curiam opinion. Judge Gregory wrote an opinion concurring in part and dissenting in part.

**ARGUED:** Oldric Joseph LaBell, Jr., Newport News, Virginia, for Appellant. Stanley Graves Barr, Jr., KAUFMAN & CANOLES, PC, Norfolk, Virginia, for Appellees. **ON BRIEF:** R. Johan Conrod, Jr., KAUFMAN & CANOLES, PC, Norfolk, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory Hall appeals the district court's order dismissing his Amended Complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, we affirm in part and reverse in part.

I.

In his Amended Complaint against the City of Newport News (the "City") and the City's Police Department (the "Department"), Hall alleges the following facts, which we accept as true for purposes of this opinion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Hall was a police officer with the Department. In November 2006, Hall was fired after the Chief of Police sustained the following disciplinary charges against him: improper procedure, untruthfulness during the course of an investigation, excessive use of force, and improper or unlawful arrest.

Hall appealed his discharge to the City's grievance panel. The panel conducted a hearing and issued a decision dismissing three of the four disciplinary charges against Hall and reducing the charge of untruthfulness during the course of an investigation to negligent record-keeping. In addition, the panel directed Hall's reinstatement as a police officer.

Thereafter, the City exercised its right to remand the decision to the panel for reconsideration. Although the panel affirmed its previous decision, the Department did not reinstate Hall. Hall then brought an action in state court seeking implementation of the panel decision. Although that court directed the Department to reinstate Hall, the Department still refused. Thereafter, Hall filed a motion with the state court to compel his reinstatement. After a hearing on that motion, the Department finally reinstated Hall in December 2008.

When Hall returned to work, the Department assigned him to a civilian position in the Records Bureau and stripped him of his law enforcement powers and status as a police officer. Additionally, the City and Department records still contain the original disciplinary charges against Hall. These records do not reflect that the grievance panel dismissed three of the four disciplinary charges and reduced the fourth.

II.

In response to both the delay and the terms of his reinstatement, Hall brought this action pursuant to 42 U.S.C. § 1983, alleging three due process violations: (1) a violation of his procedural due process right to have a hearing at a meaningful time; (2) a deprivation of his liberty interest in his reputation and occupation without due process of law; and

4

(3) a deprivation of his property interest in his position as a police officer without due process of law. The defendants moved to dismiss Hall's claims pursuant to Rule 12(b)(6) for failure to state a claim. The district court granted the motion and dismissed Hall's case on all counts.[1]

We review de novo an order dismissing a claim under Rule 12(b)(6). See Duckworth v. State Admin. Bd. of Election Laws, 332 F.3d 769, 772 (4th Cir. 2003). To survive a Rule 12(b)(6) motion, a plaintiff must allege enough facts "to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A.

In Count I, Hall alleges that the delay in his reinstatement constitutes a deprivation of property without due process of law pursuant to Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985) ("At some point, a delay in the post-termination hearing would become a constitutional violation."). The district court found that Hall had not satisfied the Loudermill standard for an unconstitutional delay because, other

---

[1] Hall's Amended Complaint lists three causes of action. However, on appeal, Hall has only challenged the district court's dismissal of Counts I and II. Therefore, Hall has abandoned any challenge as to the dismissal of Count III. See Tucker v. Waddell, 83 F.3d 688, 690 n.1 (4th Cir. 1996).

5

than the delay itself, he alleged no facts suggesting that the delay was "unreasonably prolonged." Additionally, the court found that a significant portion of the alleged delay was attributable to either standard procedural delays or to Hall's failure to file the suit to enforce the grievance panel decision at an earlier time. After having the benefit of oral argument and carefully reviewing the briefs, record, and controlling legal authorities, we find no reversible error in the district court's disposition of this issue. Accordingly, we affirm the dismissal of Count I based substantially on the reasoning of the district court. See J.A. 136-142 (opinion granting Defendants' Motion to Dismiss).[2]

B.

In Count II, Hall alleges that his personnel records continue to contain the original disciplinary charges against

---

[2] The dissent believes the City committed a constitutional violation by delaying its compliance with the grievance panel's decision. To the extent a post-hearing delay could give rise to actionable conduct, that situation does not exist here. First, the decision of the panel is not self-enforcing. See Newport News, Virginia, Code of Ordinances § 2-186(b)(5)(g)("If either party refuses to implement a panel decision, the other party may petition the Circuit Court of Newport News to enforce the decision."). When a party decides not to abide by a panel decision, the law provides for a state court enforcement action. See Va. Code Ann. § 15.2-1507(A)(11). Second, Hall could have eliminated much, if not all, of any unreasonable delay by simply initiating his state court enforcement action sooner. At oral argument, Hall admitted a more timely course of action was available to him.

him despite the grievance panel decision dismissing three and reducing one of those four charges.  Therefore, Hall claims that the defendants violated his liberty interest in his reputation and occupation by maintaining inaccurate personnel records on these charges.  "To state this type of liberty interest claim under the Due Process Clause, a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false."  Sciolino v. City of Newport News, Va., 480 F.3d 642, 646 (4th Cir. 2007).

The district court found that Hall pled facts sufficient to support all but the third Sciolino element.  As the defendants have not challenged the district court's findings as to the other three elements, the only issue on appeal is whether Hall has satisfied that Sciolino element – which is "a public employer's stigmatizing remarks must be made in the course of a discharge or significant demotion."  Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 309 (4th Cir. 2006)(internal citations omitted).  In Ridpath, we adopted the following definition of significant demotion:  "[A]n offer of a job far beneath the one he had, where being so demoted is to be as effectively excluded from one's trade or calling as by being thrown out on the street."  Id. at 314 (finding the compliance director's reassignment outside the athletics department "was a

7

significant demotion to a position outside his chosen field, rendering it tantamount to an outright discharge").

Hall alleges that although he has been reinstated as a Department employee, he has a civilian position and is no longer a "certified law-enforcement officer" with the police power to make stops, issue summons and warrants, and make arrests. Am. Compl. ¶¶ 38, 43. Accordingly, Hall alleges that the Defendants have made him "something other that [sic] a police officer." Am. Compl. ¶ 38. Therefore, taking these allegations as true, Hall's reinstated position within the Department effectively excludes him from his trade or calling as a police officer. Because this is sufficient under <u>Ridpath</u> to qualify as a significant demotion, Hall has properly alleged a deprivation of his liberty interest in his reputation and occupation.

## III.

For the foregoing reasons, we affirm the dismissal of Count I and reverse the dismissal of Count II. Accordingly, we remand this case to the district court for proceedings consistent with this opinion.

<u>AFFIRMED IN PART AND
REVERSED AND REMANDED IN PART</u>

8

GREGORY, Circuit Judge, concurring in part and dissenting in part:

Although I concur in Parts I and II.B of the opinion reversing the dismissal of Hall's liberty interest claim, I am compelled to dissent from Part II.A. Because Hall has alleged facts sufficient to support a claim for an unconstitutional obstruction that resulted in a delay of his reinstatement, I would reverse the district court's dismissal of Count I as well.

I.

This case is unique because, unlike the typical post-termination procedural due process claim, Hall does not allege that he was denied a hearing or that he experienced an unreasonably prolonged delay before receiving a decision from the grievance panel proceedings. He was granted a grievance hearing and received a decision in his favor that was final and binding under Virginia law and City ordinances. Instead, Hall alleges that the City willfully refused to comply with the panel decision and that this deliberately obstructive behavior constituted a deprivation of property without due process.

No precedent directly addresses the question of when a failure to implement a final <u>decision</u> rises to the level of a constitutional violation. In <u>Cleveland Bd. of Educ. v. Loudermill</u>, the Supreme Court set out the scope of <u>pre-</u>

9

termination procedures that are due to public employees and also addressed the question of delay in post-termination hearings that could rise to the level of a constitutional violation. 470 U.S. 532, 547 (1985). There, the Court indicated that "[a]t some point, a delay in [a] post-termination hearing would become a constitutional violation," but that in order to state a claim for this type of constitutional deprivation, a plaintiff must allege facts beyond the delay itself that might suggest the delay is "unreasonably prolonged." Id. However, Loudermill does not directly address a delay in the implementation of a final and binding decision that results from such procedures. Nor does it address, as here, "delay" that is the direct consequence of a municipality's willful refusal to comply with a final and binding decision.

The majority is correct that a claim for delay cannot be based solely on the standard time that elapses throughout the chronology of the proceedings. Nor can it be based on a "delay" in requesting court action external to the procedure to force compliance. Had this been the sum of Hall's allegations, his claim for delay would not survive. It was not. Instead, Hall alleged that his delayed reinstatement was the direct consequence of obstructive conduct: the City's willful refusal to comply with the final and binding grievance decision. The City conceded the truth of this allegation in oral argument:

10

The Court:   You get the final decision after it has gone back to remand to the panel, right?  And the City gets it back, and you say well we couldn't keep appealing within the City government because the result would have been the same.  So why didn't you then put him back -- follow what the order was of the panel?

City:   For the same reasons that were asserted when the matter was remanded to the panel, and that is that the decision was contrary to policy and law.

The Court:   But you had lost that.

City:   That's correct.

. . .

The Court:   Did you have a right to go to this implementation process and ask for non-implementation?

City:   No we could not do that.  We did not have that right.

The Court:   Did you have a right to go to some sort of state court and say this was bizarre and outrageous and that you shouldn't be forced to do this?

City:   We did not have that right.

. . .

The Court:   You're saying that you just said, "We will let you force me to do it?" That was the legal advice?

City:   Given the fact that the City had no other alternative that is exactly the position it was in.

Willful refusal to abide by a final and binding order because you do not agree with the decision is not standard procedural delay. It is categorically unreasonable and, in certain circumstances, could amount to an obstruction of justice. Under these facts, a delay inevitably ensues as the direct consequence of the City's <u>deliberately obstructive conduct</u>. It cannot be that this otherwise unreasonable delay in compliance -- one that is not the result of standard procedural delay -- is cured or without consequence because there exists a possibility of some separate enforcement action external to the procedure to force compliance. Applying this logic, the final, binding, and self-effectuating nature of panel decisions evaporates, and the City can always delay implementation until, as here, the prevailing officer can afford to utilize an enforcement procedure or otherwise abandons his right to reinstatement.

What's more, today's majority gives the City every incentive to do just that as no circumstances exist where the City could be susceptible to a claim for unreasonable delay in reinstatement under the majority's analysis. The time it takes a prevailing officer to initiate an external enforcement procedure will <u>always</u> overlap with the City's deliberate delay. To characterize this overlapping period of time <u>only</u> as the officer's "delay" in requesting court action to force compliance

12

-- a period for which unreasonable delay claims cannot be based -- effectively immunizes the City from liability for its part in forcing the delay by refusing to abide by the final and binding decision and eliminates any consequences that would deter such deliberately obstructive behavior in the future -- namely, nominal damages and attorney's fees.

## II.

Cory M. Hall, a police officer decorated with commendations including Police Officer of the Year and a Medal for Valor, has experienced what no officer in the City of Newport News has ever had to endure: a willful refusal by the City to comply with a final and binding decision ordering his reinstatement. Once that decision was reached, the City was required to reinstate Hall. The majority incorrectly assumes that the period between the binding grievance panel decision and Hall's initiation of the state court enforcement action eliminates the relief he is due for the City's egregious actions. For these reasons, I respectfully dissent from Part II.A.