IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

CORY M. HALL,

    Plaintiff,

v.                                                                  Civil Action No.:  4:09CV136

CITY OF NEWPORT NEWS, et al,

    Defendants.

## TRIAL BRIEF

The Plaintiff desires to present his views on certain issues which may arise at trial.

The Plaintiff is asserting a due process denial of liberty interest claim set out in Count II of his Amended Complaint. In his situation that requires that the City have maintained stigmatizing information about him which was false.

## PROPOSED PROOF

In paragraph 17 which is incorporated by referenced into Count II he alleges that the discipline charges placed against him were factually false and had been sustained by the Chief of Police. Paragraph 31 alleges the Police Department records showing the charges were sustained remained unchanged after the Grievance panel decision. Paragraph 32 alleges the Police Department records have not been changed to reflect the Grievance panel decision. Thus the stigmatizing information is the charges and their being sustained by the Chief of Police. This information is stigmatizing by itself and if it remains then stigmatizing information remains, unless the Internal Affairs finding, which is the Department fining, is vacated, replaced or amended, it reads sustained. As in Sciolino v City of Newport News 480 F 3d. 642 at 649-651, it is the discipline charge which creates the stigma.

Paragraph 31 was intended to allege that the City records show the charges were sustained by the Chief of Police not the Grievance panel. The Court of Appeals read the

1

Plaintiffs allegations the same way. The Court of Appeals described the Plaintiff's Count II claims as: in Count II Hall alleges that his personnel records continue to contain the original disciplinary charges against him despite the Grievance panel decisions dismissing three (3) and reducing one (1). Therefore Hall claims the Defendants violate his liberty interest by maintaining inaccurate personnel records on these charges (ECF 36 p 3.)

Captain Haymes testified that the Internal Affairs "classification" (finding) could be changed if the Chief ordered it.

## GRIEVANCE PANEL DECISION

The Plaintiff view is that adding the Grievance panel decision by itself to the Internal Affairs file would not amend the Internal Affairs finding or remove the stigma inherent in it. A fortiori if the Grievance panel decision is never put in the Internal Affairs file or only an incomplete version is placed there, the stigma would not be removed. The issue is was the Police Department finding, the Internal Affairs finding changed.

The Plaintiff agrees that if the Police Department file creates the impression he was not cleared by the Grievance panel, this would create a stigma and that including only part of the Grievance panel decision would do this.

However the basic wrong is the failure to amend the police findings to remove the original stigma created by the accusation of dishonesty and the finding of its being sustained.

## FALSITY/ COLLATERAL ESTOPPELL

Part of the cause of action is that the information was false, that the Plaintiff was not untruthful and that he did not use excessive force. In his affidavit response to the Summary Judgment Motion he so stated in paragraphs 16 & 17 (ECF 52 Ex.1).

2

It is the Plaintiffs understanding that the Court has sustained the application of the doctrine of Collateral Estoppell therefore for the purpose of this case the falsity of the accusations has been established and is no longer a contestable issue. (ECF 54, ECF 55, ECF 56, ECF 99.)

## **EVIDENTIARY ISSUES**

The Defendants lodged a hearsay objection to Plaintiffs exhibit 14, a memo by Sergeant Linda Jenkins of Albemarle Police Department reflecting information concerning the Plaintiff she received from Sergeant Ross of the Newport News Police Department. This is a case where the Plaintiff must prove that disclosure occurred. The information is being offered not to prove its truth but to prove that is was disclosed. Evidence of this type has been held not to constitute hearsay. Butters v Vance Intern, Inc 225 F3d 462 (4th Cir. 2000) Hd note 10. Starr v Pearl Vision, Inc. 225 F3d 462 (10th Cir. 1995) Hd note 4. Luster v Retail Credit 575 F2d 609 (8th Cir. 1978) Hd note 14.

The Plaintiff also received letters saying his application for employment was being denied. There are being offered as verbal acts. The only way to deny a job application is to use words so stating. Additionally these statements reflect the state of mind of the employer.

                                                Respectfully submitted,

                                                CORY M. HALL

                                                By: _____/s/_____
                                                  Kevin P. Shea (VSB #08933)
                                                34 West Queens Way
                                                Hampton, Virginia 23669
                                                (757) 727-7767 (Telephone)
                                                (757) 722-2484 (Facsimile)
                                                kevinpshea@justice.com
                                                Counsel for Plaintiff

                                                and

>Oldric J. LaBell, Esq. (VSB #6840)
>121 Seldon Road
>Newport News, VA 23606
>(757) 591-0019
>ojlabell@verizon.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Stanley Graves Barr, Jr. (VSB #7224)
>R. Johan Conrod, Jr. (VSB #46765 )
>Kaufman and Canoles
>150 West Main Street
>Post Office Box 3037
>Norfolk, Virginia 23514
>(757) 624-3000 (telephone)
>(757) 624-3169 (fax)
>sgbarr@kaufcan.com
>rjconrod@kaufcan.com

>and

>Darlene Bradberry, Esq.
>Newport News City Attorney's Office
>2400 Washington Avenue, 9th Floor
>Newport News, VA 23607
>(757) 926-7148 (telephone)
>(757) 926-8549 (fax)
>Counsel for Defendants

>_____/s/_____
>Kevin P. Shea (VSB #08933)
>34 West Queens Way
>Hampton, Virginia 23669
>(757) 727-7767 (Telephone)
>(757) 722-2484 (Facsimile)
>kevinpshea@justice.com

        and
Oldric J. LaBell, Esq. (VSB #6840)
121 Seldon Road
Newport News, VA  23606
(757) 591-0019
ojlabell@verizon.net
Counsel for Plaintiff